UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ELI EHRENFELD, individually and on brehalf
of any and all similarly situated consumers,

                    Plaintiff,              Civil Action No.:_____

          v.

MARK L. NICHTER, ESQ., P.C.        **CLASS ACTION COMPLAINT AND**
                                                  **DEMAND FOR A TRIAL BY JURY**
                   Defendant(s).
-----------------------------------------------------------X

      Plaintiff ELI EHRENFELD ("Plaintiff" or "Ehrenfeld"), by and through his attorneys, Fredrick Schulman & Associates, as and for his Complaint against the Defendant MARK L. NICHTER, ESQ., P.C. ("Defendant(s)" or "Nichter"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of Sec. 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act ("FDCPA").

## PARTIES

    2.    Plaintiff is a resident of the State of New York, County of Queens, residing at 1056 Beach 9th Street, Far Rockaway, NY 11690.

    3.    Plaintiff is a "consumer" as defined by the FDCPA/15 U.S.C. §1692a(3).

    4.    Defendant is a collection firm with a principal place of business at 44 South Broadway, White Plains, NY 10601, and, upon information and belief, is licensed to do business in the State of NY.

    5.    Defendant Nichter is a "debt collector" as the phrase is defined by and used in the

1

FDCPA/15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, as well as 15 U.S.C. Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. Sec. 1367 (a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391 (b)(2) where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and district, and where Defendant transacts business in this State and district.

## ALLEGATIONS FOR CLASS ACTION

8. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself/herself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of the Defendant.

9. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

10. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, numerous persons have received debt collection notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

2

11. The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

12. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

13. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

14. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

15. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

16. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

17. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of

effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18. Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

19. Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

20. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

21. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

22. On information and belief, on a date better known to the Defendant, a creditor identified by the Defendant as "S. Nassau Phys Neo-Natal Dept" retained the Defendant to begin collecting an alleged consumer debt from the Plaintiff ("Alleged Debt").

23. On information and belief, on a date better known to Defendant, Defendant began collection activities on the Alleged Debt.

24. Between approximately August, 2011 and November, 2011, in regard to the

Alleged Debt, Defendant sent several collection letters to Plaintiff (individually and collectively referred to as "Letter(s)"), the Letters attached hereto as Exhibit A.

25. Said Letters were signed by "The Law Offices of Mark L Nichter, P.C."

26. Upon information and belief, the Letters were mass produced and mass mailed.

27. The Letters were mass-produced computer-generated communications designed to give the impression that the Letters were forwarded by an attorney that had personally reviewed the Plaintiff's account.

28. Said Letters neglected to disclose that no attorney from the Defendant's firm had actually reviewed the subject collection matter of the Letters on or prior to the mailing of the Letters.

29. Upon information and belief, no attorney admitted to practice law reviewed the Plaintiff's alleged account/debt prior to the date of the May Letter.

30. This lack of actual attorney involvement by the Defendant violated the FDCPA, 15 U.S.C. § 1692e(3).

31. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**FIRST CAUSE OF ACTION**

**(Violations of the FDCPA)**

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e(3).

34. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

35. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ELI EHRENFELD demands judgment from the Defendant MARK L. NICHTER, ESQ., P.C. as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
      October 23, 2012

                                      Respectfully submitted,

                                      By: s/ Aryeh L. Pomerantz
                                      Aryeh L. Pomerantz, Esq.
                                      Fredrick Schulman & Associates
                                      30 East 29th Street
                                      New York, New York 10016
                                      (212) 796-6053
                                      aryeh@fschulmanlaw.com
                                      Attorneys for Plaintiff ELI EHRENFELD

TO:    MARK L. NICHTER, ESQ., P.C.
         44 S Broadway, Suite 402
         White Plains, New York 10601-4425

         CLERK
         United States District Court, Eastern of New York
         *(For Filing Purposes)*